UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROADLINK WORKFORCE SOLUTIONS, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> VERN MALPASS, <br><br> Defendant. | CASE NO. C13-5459 RBL <br><br> ORDER DENYING MOTION FOR ATTORNEYS' FEES <br><br> [DKT. #18] |

THIS MATTER is before the Court on Defendant Malpass's Motion for attorneys' fees under to his contract with Roadlink. [Dkt. #18] Roadlink sued Malpass, its former employee, after he allegedly used his Roadlink computer access to compete with Roadlink, for the advantage of his new employer. Roadlink asserted two federal statutory claims and five state law claims, including breach of contract.

Malpass moved for and obtained dismissal of the federal claims, but the Court denied Malpass's motion to dismiss the remaining claims for lack of subject matter jurisdiction, because that Motion was based on an incorrect understanding of 28 U.S.C. §§1331 and 1367. [*See* Dkt. #16] Roadlink voluntarily dismissed the case without prejudice under Rule 41(a)(1)(A)(i) [Dkt.

# 17], and Maplass filed this Motion to reopen the case and for an award of attorneys' fees 18 days later. [Dkt. # 18]

Malpass argues that he is the "prevailing party" under the contract (which he asserts[1] contained a "bilateral attorneys' fee provision") and he seeks the fees he incurred in defending the case prior to its dismissal.

Roadlink opposes the motion, arguing[2] that Malpass has not prevailed on his state law claims (and certainly not on his breach of contract claim) and that he has not demonstrated a basis for re-opening the case under Rule 60(b) in any event.

The Motion for attorneys' fees is DENIED. First, the effect of a voluntary dismissal under Rule 41(a) is to leave the situation "as if the action had never been filed." *See City of So. Pasadena v. Mineta*, 284 F.3d 1154 (9th Cir. 2002). Awarding fees in the circumstances of this case would not have that result, and would potentially force the Plaintiff to litigate the breach of contract claim if only to avoid the fees.

Second, the Motion does not appear to be timely under Rule 54, which requires party seeking fees to do so within 14 days of judgment. There is no judgment in this case, of course, because the dismissal was effective when it was filed. But even the Court's (possibly superfluous) Order granting the dismissal was entered 18 days prior to the Motion.

---

[1] The Motion purports to quote the contract and cites "Dkt. No. 1 at Ex. A:3-4," but the Court's docket does not reflect any Exhibits to the Complaint at Dkt. #1. The court will nevertheless presume that the contract included the referenced language.

[2] Roadlink also argues that the court could not and did not condition its voluntary dismissal on the payment of fees, which is correct, but which does not directly address the basis for Malpass's Motion.

Third, there has been no showing of any of the bases for re-opening the case under Rule 60(b) (mistake, newly discovered evidence, fraud etc.). The Court will not re-open the case on any of these bases.

Fourth, Malpass did not "prevail" on the breach of contract claim, or on any other state law claim. To the limited extent those claims were even litigated—Malpass argued that this court did not have subject matter jurisdiction over them—he properly lost on the merits of his argument.

And finally, it does not appear that any significant portion of the attorneys' fees for which Malpass now seeks reimbursement were (or could have been) incurred in defending, much less in prevailing on, the contract claim. Malpass has not claimed that they were. The requested fees were instead incurred in obtaining a dismissal of the two federal "hacking" statutory claims, in failing to obtain dismissal of the breach of contract and other state law claims, and in seeking these fees.

The Motion for Attorneys' Fees is DENIED.

IT IS SO ORDERED.

Dated this 7th day of January, 2014.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE